lml

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|          ) | |
|        **Plaintiff,**   ) | |
|    vs.           ) | **Case No.  07-40019-JAR** |
|          ) | |
|          ) | |
| JOSE H. VELAZQUEZ,      ) | |
|          ) | |
|       **Defendant.**   ) | |
| _____   ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Jose Velazquez's *pro se* Motion for

Reconsideration of Sentence (Doc. 68), filed  November 10, 2008.  On November 3, 2008,

following his plea to possession with intent to distribute cocaine in violation of 21 U.S.C. §

841(a)(1), the Court sentenced defendant to 262 months' imprisonment.  Defendant asks the

Court to reconsider its decision.  On November 12, 2008, counsel for defendant filed a Notice of

Appeal to the Tenth Circuit, although the Judgment of Commitment had not yet been entered.

A federal district court may modify a defendant's sentence only where Congress has

expressly authorized it to do so.[1]  Congress has set forth three limited circumstances in which a

court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain

extraordinary circumstances or where defendant has reached 70 years of age and has served at

least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35"; or (3) when

defendant has been sentenced "based on a sentencing range that has subsequently been lowered

---

[1]18 U.S.C. § 3582(c); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

by the Sentencing Commission."[2]  The court does not have inherent authority to resentence a defendant.[3]

Defendant argues that he was not given the opportunity to argue for a minor role reduction and claims that his counsel did not adequately represent him at sentencing. Defendant's arguments do not fall under any of the limited categories for reconsideration of a sentence and his request is therefore denied.  In so ruling, the Court notes that counsel has filed an appeal on defendant's behalf, and that any issues of adequate representation may be properly raised in a motion vacate, set aside or correct a sentence pursuant to 18 U.S.C. § 2255.[4]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's *pro se* Motion for Reconsideration of Sentence (Doc. 68) is DENIED.

IT IS SO ORDERED.

Dated this 17<u>th</u> day of November 2008.

                                    S/ Julie A. Robinson
                                   Julie A. Robinson
                                   United States District Judge

---

[2]18 U.S.C. § 3582(c)(1), (2); *Blackwell*, 81 F.3d at 947-48.

[3]*Blackwell*, 81 F.3d at 949.

[4]Despite defendant's claims of inadequate representation, the Court does not construe defendant's Motion for Reconsideration as one pursuant to 18 U.S.C. § 2255.  *See Castro v. United States*, 540 U.S. 375 (2003) (explaining that the court must warn a *pro se* litigant about the consequences of recharacterizing a motion as a first § 2255 motion).